**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAMON DE JESUS QUEVEDO-
VALDEZ,

    Defendant - Appellant.

No. 17-6181
(D.C. No. 5:16-CR-00194-R-2)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **EID**, Circuit Judges.
_____

Ramon De Jesus Quevedo-Valdez accepted a plea agreement with an appeal

waiver and pleaded guilty to conspiring to possess 50 grams or more of

methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 846. After

he was sentenced to 168 months in prison, at the low end of the advisory Guidelines

range, he appealed. The United States has moved to enforce the appeal waiver under

*United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Quevedo's counsel filed a response (1) indicating that she could find no defects in the waiver to render it unenforceable and that a challenge to the waiver would be frivolous, and (2) renewing an earlier motion to withdraw as counsel. We gave Mr. Quevedo the opportunity to respond. *See Anders v. California*, 386 U.S. 738, 744 (1967). He did so, asserting that his plea was not knowing and voluntary due to communication problems with non-Spanish speaking counsel and that his attorney and the prosecutor misinformed him about the plea, telling him he would receive a five-year sentence if he accepted it. Finally, the government filed a reply in support of its motion.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the enforceability of the waiver that Mr. Quevedo can pursue on direct appeal.

***Scope of the Waiver***. First, we consider whether the appeal falls within the scope of the waiver. *Hahn*, 359 F.3d at 1325. The plea agreement provides that Mr. Quevedo "waives his right to appeal his guilty plea, and any other aspect of his conviction," and "waives his right to appeal his sentence as imposed by the Court . . . and the manner in which the sentence is determined." Mot. to Enforce, Attach. 1 at 9-10. The only exception is the "right to appeal specifically the substantive

2

reasonableness" of an above-Guidelines sentence. *Id.* at 10. But that exception does not apply because the sentence was at the low end of the Guidelines range.

Mr. Quevedo states that he seeks to appeal "violation of Rule 11 (eleven) proceeding" and "sentencing disparities between his co-defendants and the defendant[.]" Pro Se Resp. at 2. It is unclear what violations of Rule 11 he might be referring to. Without more information, we cannot conclude that such issues fall outside the broad scope of the waiver. And alleged sentencing disparities certainly fall within the scope of the waiver.

In addition, the docketing statement and Mr. Quevedo's pro se response indicate that he may wish to challenge his counsel's performance. He states that counsel misinformed him about the plea and that he and counsel had communication issues. Claims regarding ineffective assistance of counsel are explicitly excluded from the scope of Mr. Quevedo's waiver. It has long been the rule, however, that ineffective-assistance claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13. Therefore, to the extent that Mr. Quevedo wishes to allege ineffective assistance of counsel, he will have to do so by bringing a § 2255 motion.

***Knowing and Voluntary***. We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we

generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id.* It is Mr. Quevedo's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

The plea agreement's waiver paragraph represents that the appeal waiver was knowingly and voluntarily accepted. Further, during the plea colloquy Mr. Quevedo was afforded the services of an interpreter. He was informed of the minimum and maximum penalties, and he asserted his understanding that his sentence was solely within the control of the court. He informed the district court that he was pleading guilty of his own free will, not due to any extraneous promises (including promises of leniency) or force, and he denied that any government officer or agent had promised or suggested he would receive a lighter sentence or other form of leniency. He asserted that he was satisfied with his attorney and believed he had done all one could do to counsel and assist him. When the district court noted that Mr. Quevedo was waiving his right to appeal, Mr. Quevedo acknowledged his understanding and stated that he did not have any questions about the waiver.

Mr. Quevedo's pro se response asserts that he was "under 'extreme duress'" and the plea agreement was "completely misinterpreted," so that he thought he would receive a five-year sentence. Pro Se Resp. at 2. However, Mr. Quevedo points to no record evidence to support these assertions. His unsworn response cannot impeach the official record, which fails to support any non-frivolous argument that the waiver was not knowing and voluntary.

4

***Miscarriage of Justice***.  Finally, we consider whether enforcing the waiver would result in a miscarriage of justice, as *Hahn* defines that term.  *Hahn*, 359 F.3d at 1325, 1327.  A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted).  Only ineffective assistance of counsel potentially appears to be implicated here.  As stated above, however, any such allegations should be raised in a § 2255 proceeding.  *See Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we determine that it is "wholly frivolous" for Mr. Quevedo to oppose the motion to enforce his plea agreement's appeal waiver in this direct appeal.  *Anders*, 386 U.S. at 744.  The motion to enforce is granted, and this matter is dismissed without prejudice to Mr. Quevedo filing a § 2255 motion alleging ineffective assistance of counsel.  Counsel's renewed motion to withdraw is granted.

Entered for the Court
Per Curiam

5